**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **MICHAEL JOSEPH KEARNS, et al.,** ) | **CASE NO. 4:12CV3107** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **KBR RURAL PUBLIC POWER** ) | |
| **DISTRICT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Plaintiff's Notice of Removal. (Filing No. 1.) In his Notice, Plaintiff seeks to remove "Case No. CI 12-4" from the District Court of Keya Paha County, Nebraska, to this court. (*Id*.) Plaintiff is listed as the plaintiff in the caption of "Case No. CI 12-4." (*Id*.) Plaintiff's Notice also lists Case Numbers CI 12-6 and CI 12-5 from the "County Court of Keya Paha County" and "Case No. 05-10" from the District Court of Keya Paha County, Nebraska. (*Id*.) Plaintiff is not listed as a plaintiff or a defendant in the captions of these other cases. (*Id*.) Plaintiff asserts that removal is proper pursuant to the authority of "Rule 33" of "his one supreme Court['s]" rules.[1] (Filing No. 1-1 at CM/ECF pp. 6-35.) Plaintiff also asks for authentication of "Suitor's one supreme Court" and commands the undersigned "NOT to act judicially in this Case, but ONLY to act administratively." (Filing No. 4 at CM/ECF pp. 3, 7.) For the reasons discussed below, this matter will be remanded to the District Court of Keya Paha County, Nebraska.

First, Plaintiff did not pay a filing fee or submit an application to proceed in forma pauperis in this matter. (*See* Docket Sheet.) Even if he had, a plaintiff cannot "remove"

---

[1]Plaintiff has attached a copy of these rules for the court's reference. (*See* Filing No. 1-1 at CM/ECF pp. 8-35.)

a state lawsuit to federal court; only a defendant has the right to remove. *See* 28 U.S.C. §§ 1441, 1443, 1446; *Chi. R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Second, to the extent that Plaintiff is attempting to remove this matter on behalf of someone else, he is prohibited from doing so. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), (concluding a non-attorney pro se party may not represent another's interests).

Third, Plaintiff has a history of filing nonsensical and frivolous documents. *See, e.g., Arizona v. Runke*, CR-09-8053-PCT-PGR, 2010 WL 1814957, at *1 (D. Ariz. May 4, 2010) (warning Michael Joseph Kearns, a non-attorney, who filed a notice of removal and other documents on defendant's behalf, that the court would not tolerate his nonsensical and frivolous filings "which have done nothing except waste scarce judicial resources and taxpayers' funds"). Plaintiff's frivolous commands and pleadings will not be tolerated in this court. Plaintiff is warned that if he continues to pursue frivolous arguments or file frivolous documents in this court, he may be subject to sanctions or filing restrictions.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice and hereby remanded to the District Court of Keya Paha County, Nebraska;

2. Plaintiff's frivolous commands and pleadings will not be tolerated in this court. Plaintiff is warned that if he continues to pursue frivolous arguments or file frivolous documents in this court, he may be subject to sanctions or filing restrictions;

3. The clerk's office shall mail a copy of this Memorandum and Order to the District Court of Keya Paha County, Nebraska, and may take any other action necessary to effectuate the remand; and

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of June, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.